J-S22027-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAWN SEIF | : | |
| | : | |
| Appellant | : | No. 929 WDA 2023 |

Appeal from the PCRA Order Entered July 20, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0010893-2017

BEFORE: PANELLA, P.J.E., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY LANE, J.: **FILED: August 30, 2024**

Shawn Seif ("Seif") appeals from the order denying his first petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Additionally, Seif's court-appointed counsel, Rachel Santoriella, Esquire ("Attorney Santoriella"), has filed a motion to withdraw from representation and a "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). We grant Attorney Santoriella's motion and affirm the PCRA court's order denying the petition.

In 2017, Seif assaulted his former paramour, Monique Dalton, and her two minor children at her home. On the night of the assault, Seif began to repeatedly punch Dalton in her bedroom. When her children heard the commotion and attempted to intervene, Seif shoved one child into a couch

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

and the other into a wall, causing the child to sustain a bloody nose and lip. After Dalton told her children to leave and seek help, Seif confined Dalton to the bedroom where he repeatedly punched, strangled, and sexually assaulted her until police arrived and arrested him. Police then filed numerous charges against Seif for the assaults on Dalton and her children.

On May 21, 2018, following a guilty plea colloquy conducted by the Honorable Mark V. Tranquilli, Seif entered an open guilty plea to all charges filed against him related to the assaults.[2] After accepting Seif's plea, Judge Tranquilli sentenced him to an aggregate term of seven and one-half to fifteen years' incarceration, followed by five years' probation. Seif filed a post-sentence motion which the trial court denied. Seif subsequently filed a timely notice of appeal in which he challenged the legality of his sentence. On appeal, this Court determined that Seif's sentence was illegal, vacated the judgment of sentence imposed by Judge Tranquilli, and remanded for resentencing. **See Commonwealth v. Seif**, 240 A.3d 918 (Pa. Super. 2020) (unpublished memorandum) (concluding that the sentence was illegal because the two counts for aggravated indecent assault should have merged for sentencing purposes).

---

[2] Specifically, Seif pled guilty to aggravated assault, endangering the welfare of children, unlawful restraint-serious bodily injury, simple assault, indecent assault-forcible compulsion, strangulation, and two counts of aggravated indecent assault without consent. **See** 18 Pa.C.S.A. §§ 2702(a)(1), 4304(a)(1), 2902(a)(1), 2701(a)(1), 3126(a)(2), 2718(a)(1), 3125(a)(1).

On remand, the case was reassigned to the Honorable Bruce R. Beemer who, on May 13, 2021, re-sentenced Seif to an aggregate term of seven and one-half to fifteen years' incarceration. This Court affirmed the judgment of sentence, and on August 23, 2022, our Supreme Court denied allowance of appeal. *See Commonwealth v. Seif*, 276 A.3d 259 (Pa. Super. 2022) (unpublished memorandum), *appeal denied*, 284 A.3d 119 (Pa. 2022).

On October 4, 2022, Seif filed the instant timely *pro se* PCRA petition, his first, wherein he claimed that he was eligible for PCRA relief because he received an illegal sentence. *See Pro Se* PCRA Petition, 10/4/22, at 3. Seif additionally indicated that he was sentenced by Judge Tranquilli on May 18, 2017 following a guilty plea. *See id*. at 2. Seif identified his specific claim of error as follows: "Judge Mark Tranquilli was removed from his court room, for handling such like in my case (illegal sentence, illegal plea deals, *etc*.)." *Id*. at 4. The PCRA court appointed counsel, who filed a motion to withdraw and a "no-merit" letter pursuant to *Turner*/*Finley*. On June 16, 2023, the PCRA court granted counsel's motion to withdraw and issued notice of its intent to dismiss Seif's petition without a hearing pursuant to Pa.R.Crim.P. 907. Seif did not respond to the notice. On July 20, 2023, the PCRA court entered an order denying the petition.

Seif filed a timely notice of appeal, and the PCRA court appointed Attorney Santoriella as appellate counsel. The PCRA court ordered Seif to file a concise statement of errors complained on appeal pursuant to Pa.R.A.P. 1925(b). In lieu of filing a concise statement, however, Attorney Santoriella

- 3 -

filed in this Court a petition to withdraw as counsel and a "no-merit" letter pursuant to **Turner**/**Finley**.

Prior to addressing the issues identified in the "no-merit" letter, we must first address Attorney Santoriella's petition to withdraw. Pursuant to **Turner**/**Finley**, independent review of the record by competent counsel is required before withdrawal on collateral appeal is permitted. **See Commonwealth v. Pitts**, 981 A.2d 875, 876 n.1 (Pa. 2009). In **Pitts**, our Supreme Court explained that such independent review requires proof of:

1. A "no-merit" letter by PC[R]A counsel detailing the nature and extent of [counsel's] review;

2. The "no-merit" letter by PC[R]A counsel listing each issue the petitioner wished to have reviewed;

3. The PC[R]A counsel's "explanation," in the "no-merit" letter, of why the petitioner's issues were meritless;

4. The PC[R]A court conducting its own independent review of the record; and

5. The PC[R]A court agreeing with counsel that the petition was meritless.

**Id**. (citation and brackets omitted). Further, counsel must also send a copy of the "no-merit" letter to the petitioner, along with a copy of the petition to withdraw and inform the petitioner of the right to proceed *pro se* or to retain new counsel. **See Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007). Substantial compliance with the requirements to withdraw as counsel will satisfy the **Turner**/**Finley** criteria. **See Commonwealth v. Karanicolas**, 836 A.2d 940, 947 (Pa. Super. 2003). If the brief meets these

requirements, we then conduct an independent review of the petitioner's issues. *See Commonwealth v. Muzzy*, 141 A.3d 509, 511 (Pa. Super. 2016).

Our review discloses that Attorney Santoriella has substantially complied with the above requirements. In her petition, Attorney Santoriella detailed the nature and extent of her review of Seif's case, listed the issue that Seif wished to have reviewed, and explained her reasoning for concluding that the issue is meritless. Additionally, Attorney Santoriella provided Seif with a letter notifying him of her intention to seek permission to withdraw from representation as well as a copy of the *Turner*/*Finley* "no-merit" letter, and advised Seif of his rights *in lieu* of representation. Thus, we conclude that Attorney Santoriella has substantially complied with the requirements necessary to withdraw as counsel. *See Karanicolas*, 836 A.2d at 947.

We now independently review the issue that Seif wished to raise on appeal to ascertain whether he is entitled to relief. In the "no-merit" letter, Attorney Santoriella framed the issue as follows:

> [Seif] contends that his [PCRA] petition should not have been denied as he received an illegal sentence and that he should receive a new trial based on newly discovered evidence that Judge Tranquilli, who presided over his guilty plea was removed as a judge because of illegal sentences and illegal plea deals.

"No-Merit" Letter, 3/30/24, at 2.

Our standard of review of an order denying a PCRA petition is well-settled:

- 5 -

We review an order [denying] a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

To be eligible for relief under the PCRA, a petitioner must plead and prove that that his conviction or sentence resulted from one or more specified circumstances. *See* 42 Pa.C.S.A. § 9543(a)(2)(i)-(viii). When raising an illegality of sentence claim under the PCRA, the petitioner must plead and prove "[t]he imposition of a sentence greater than the lawful maximum." *Id*. § 9543(a)(2)(vii). Our Supreme Court has recognized four categories of illegal sentencing claims: (1) a claim that a sentence was imposed pursuant to a facially unconstitutional sentencing statute; (2) a claim that a sentence was imposed without the fulfillment of statutory preconditions to the court's sentencing authority; (3) a claim that alleges a violation of a substantive restriction that the Constitution places upon a court's power to apply the statutory sentence to the defendant; and (4) a claim that the statutory support for the underlying conviction is void *ab initio*. *See Commonwealth v. Prinkey*, 277 A.3d 554, 562 (Pa. 2022). The High Court noted that for all four categories, "the inquiry is whether, assuming the appellant's claim

prevails, the result would be that the trial court lacked authority to impose the sentence at issue." *Id*. at 563.

Further, in order to be eligible for PCRA relief, the petitioner must establish that his allegation of error has not been previously litigated or waived. *See* 42 Pa.C.S.A. § 9543(a)(3); *see also Commonwealth v. Spotz*, 18 A.3d 244, 281 (Pa. 2011) (stating previously litigated claims are not cognizable under the PCRA). An issue is deemed previously litigated for purposes of the PCRA if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue[.]" 42 Pa.C.S.A. § 9544(a)(2).

Seif's sole issue on appeal concerns whether his sentence is illegal based on information that Judge Tranquilli has since been removed from the trial court bench for actions relating to the issuance of illegal sentences and the acceptance of illegal plea deals. Prior to considering the merits of this issue, however, we must first determine whether Seif's claim is eligible for relief under the PCRA.

Notably, in purporting to raise an illegal sentencing claim, Seif has not pleaded or proved any of the four types of illegal sentencing claims recognized by our Supreme Court in *Prinkey*. To be sure, Seif does not claim that his *current* sentence is illegal, or that Judge Beemer lacked authority to impose it. Instead, Seif vaguely claimed that his previously vacated sentence is illegal because Judge Tranquilli was removed from the bench due to misconduct in

other criminal cases.[3] Such a claim, falls decidedly short of the necessary foundational assertion that "the trial court **lacked authority to impose the sentence at issue**." **Prinkey**, 277 A.3d at 563 (emphasis added). Consequently, because Seif failed to plead and prove that his conviction or sentence resulted from one or more of the circumstances specified in section 9543(a)(2), we determine that his purported illegal sentencing claim is ineligible for relief under the PCRA. **See** 42 Pa.C.S.A. § 9543(a)(2)(i)-(viii).

Moreover, even if his illegal sentencing claim were cognizable under the PCRA, we nevertheless determine that it would still be ineligible for PCRA relief because it was previously litigated. As the PCRA court emphasized in its 907 notice, Seif previously challenged the legality of the May 21, 2018 sentence imposed by Judge Tranquilli on direct appeal to this Court in 2020. **See** Rule 907 Notice, 6/16/23, at unnumbered 2; **see also Seif**, 240 A.3d at 918 (unpublished memorandum). As explained above, this Court determined that the May 21, 2018 sentence imposed by Judge Tranquilli was illegal and vacated that sentence in its entirety. **See Seif**, 240 A.3d at 918 (unpublished memorandum). Thus, the record supports the PCRA court's determination

---

[3] In its Rule 907 Notice, the PCRA court observed that, "[a]lthough [Seif's] claim states that Judge Tranquilli was removed, [i]t is clear from the November 19, 2020 order . . . issued by the Court of Judicial Discipline that Judge Tranquilli resigned from his position [and that, although he] stipulated to the factual allegations of the complaints, . . . the allegations did not involve complaints of illegal sentences or pleas[,] as [Seif] asserts in his claim." Rule 907 Notice, 6/16/23, at unnumbered 2.

that Seif's challenge to the legality of that sentence was previously litigated for purposes of the PCRA and is therefore ineligible for relief. *See* 42 Pa.C.S.A. §§ 9543(a)(3), and 9544(a)(2).

Accordingly, we grant Attorney Santoriella's petition to withdraw and affirm the PCRA court's order denying the petition.

Petition to withdraw granted. Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

August 30, 2024